**TUCKER ELLIS LLP**
MONEE TAKLA HANNA SBN 259468
monee.hanna@tuckerellis.com
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

**TUCKER ELLIS LLP**
DUSTIN B. RAWLIN (*pro hac vice application forthcoming*)
dustin.rawlin@tuckerellis.com
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009

Attorneys for Defendant
MENTOR WORLDWIDE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY BILLETTS, an individual; VIVIAN AGUIAR, an individual; ANN DELMONICO, an individual; CORNELIA DITTO, an individual; LEAH JOHNSON, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MENTOR WORLDWIDE, LLC; NUSIL, LLC; NUSIL TECHNOLOGY LLC; and DOES 1–100, inclusive,<br><br>Defendants. | Case No. 5:19-cv-1026<br><br>**DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)**<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: February 22, 2019<br><br>**Related to Case No. 2:19-CV-01484 (*Jacob, et al. v. Mentor Worldwide, LLC, et al.*)**<br><br>[*Filed Concurrently with Declaration of Monee Takla Hanna; Declaration of Dustin Rawlin; Notice of Related Case*] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mentor Worldwide LLC ("Mentor"), through undersigned counsel, hereby timely removes this case from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.[1]

## I. INTRODUCTION

This is the second instance in which this case has been removed to federal court. This successive removal, however, is proper and timely, as it is filed within thirty days of receipt of "other paper"—a deposition transcript of NuSil LLC's corporate representative which confirms that this case is now removable. Specifically, Mr. Edward Scott Mraz's testimony unequivocally demonstrates NuSil LLC is not a proper party to this action. Given that NuSil LLC is the only nondiverse defendant named in Plaintiffs' Complaint and that Mr. Mraz's deposition testimony conclusively demonstrates that it was improperly and fraudulently joined, this Court has diversity jurisdiction over this action and it should remain in federal court.

## II. PROCEDURAL HISTORY OF THE *BILLETTS* CASE

1. On or about February 22, 2019, Plaintiffs Brittany Billetts ("Plaintiff Billetts"), Vivian Aguiar ("Plaintiff Aguiar"), Ann Delmonico ("Plaintiff Delmonico"), Cornelia Ditto ("Plaintiff Ditto") and Leah Johnson ("Plaintiff Johnson," and collectively "Plaintiffs"), filed a Complaint captioned *Brittany Billetts, et al. v. Mentor Worldwide LLC, et al.*, Case No. CIVDS1905706 ("*Billetts*" or the "State Court Action") in the Superior

---

[1] By removing this action to this Court, Mentor does not waive any defenses, objections, or motions available under state or federal law. Further, Mentor expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service, improper venue, or forum *non conveniens*.

Court of California, County of San Bernardino. The Complaint names as defendants Mentor, NuSil LLC, and NuSil Technology LLC.

2. Plaintiffs allege that Mentor manufactured MemoryGel silicone gel breast implants ("MemoryGel Implants") that caused Plaintiffs' various injuries. *See* Ex. A,[2] Complaint ("Compl.") ¶¶ 7, 21–39.

3. Plaintiffs allege that NuSil LLC and NuSil Technology LLC (collectively, the "NuSil Defendants") manufactured, supplied, and specially designed silicone raw materials, including "kits containing a variety of chemicals," that were used by Mentor in the manufacturing of the MemoryGel Implants. *See id.* ¶¶ 106–08.

4. Plaintiffs assert claims against Mentor for negligence and negligence per se, strict liability – failure to warn, and strict liability – manufacturing defect. *See id.* ¶¶ 112–226.

5. Of the five plaintiffs who filed this action, only one has a connection to California. Specifically, Plaintiff Billetts alleges that she resided in California at all times relevant to this action. *See id.* ¶ 1. The remaining four plaintiffs have no alleged connection whatsoever to California. *See id.* ¶¶ 2–5.

6. On March 20, 2019, Defendant Mentor ***snap removed*** this case to federal court on diversity jurisdiction before all the parties had been served with the complaint and summons. *See* Ex. B, *Billetts* Prior Federal Court Docket at Ex. B-5–24.

7. On March 25, 2019, the parties stipulated to remand the action back to state court after Mentor acquired new information regarding service of the summons. *Id.* at Ex. B-72–77.

8. Once the case was remanded to state court, both Mentor and the NuSil Defendants demurred to Plaintiffs' complaint. The demurrers are fully briefed, but the

---

[2] All exhibits referenced herein are attached to the Declaration of Monee Takla Hanna ("Hanna Decl.") concurrently filed herewith.

3

court has not yet ruled on them. Exs. C & D, *Billetts* State Court Docket (including copies of all state court briefing filed to date in this case).

9. The parties have not engaged in any case-specific discovery in this matter. Hanna Decl. ¶ 4.

## III. BACKGROUND ON CALIFORNIA MEMORYGEL IMPLANT CASES

### A. Plaintiffs' Counsel Has Filed Several Virtually Identical Complaints in California State Court.

10. This is one of several cases involving Mentor's MemoryGel Implants that have been filed in California state court by this Plaintiffs' firm (Lenze Lawyers, PLC).

11. The complaints in each of these cases are largely identical and allege the same exact product liability and negligence causes of action against the same defendants. Hanna Decl. ¶ 5; *see also supra* ¶¶ 2–4 (discussing claims and defendants).

12. NuSil LLC is the only California defendant named in these complaints. *See infra* ¶¶ 47–49. To be clear, all other defendants are citizens of other states. *Id.*

### B. A Ruling in the First California MemoryGel Implant Case Precluded Removal of Later-Filed Cases on Diversity Grounds.

13. The first MemoryGel Implant case Plaintiffs' counsel filed in California state court—*Nicole Vieira, et al. v. Mentor Worldwide LLC, et al.*, Case No. BC711663—was filed on June 27, 2018 in the Superior Court of California, County of Los Angeles. Hanna Decl. ¶ 6.

14. Mentor removed the *Vieira* case **on diversity grounds** within thirty days of service, arguing that NuSil LLC was fraudulently joined and was an improper defendant against which plaintiffs could not plausibly state a product liability or negligence claim, as it is merely a holding company and has never manufactured silicone or silicone products. *Id.*

15. The *Vieira* case was remanded back to state court because the judge found that ***there was an "issue of fact" as to whether NuSil LLC "never manufactured silicone" and therefore as to whether NuSil LLC was a properly named party***. Ex. E, *Vieira* Order at 7.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

16. The *Vieira* court specifically noted that this issue of fact arose from a 2013 Statement of Information NuSil LLC filed with the California Secretary of State, which described NuSil's "Type of Business" as "Manufacture of Silicone Products." *Id.* at 6.

17. In light of this ruling, none of the other Mentor MemoryGel Implant cases that Plaintiffs' counsel filed in California state court against the same stable of defendants—including the instant case—were removable on diversity grounds when they were initially filed.

18. Accordingly, due to the *Vieira* Order, Mentor did not file another removal on diversity grounds, as this issue of fact remained unresolved.

### C. Mentor Snap Removed Later-Filed Cases where NuSil LLC had not been Properly Served.

19. Mentor did, however, file snap removals in later-filed MemoryGel Implant cases where NuSil LLC had not yet been served, including the instant case (*see supra* ¶ 6).

20. One of those cases included *Tammi Jacob, et al. v. Mentor Worldwide, LLC, et al.*, Case No. 19STCV06514, which was originally filed in the Superior Court of California, County of Los Angeles on February 27, 2019. Hanna Decl. ¶ 7.

21. Mentor snap removed the *Jacob* case the following day, on February 28, 2019, to the United States District Court, Central District of California. *Id.*

22. The *Jacob* case is currently pending before Judge Phillip S. Gutierrez (Case No. 2:19-cv-01484). *Id.*; *see also* Notice of Related Case (filed concurrently herewith).

### D. A Central District of California Judge Issued an Order allowing for Early Discovery to Determine Whether NuSil LLC Is a Proper Defendant.

23. The plaintiffs in the *Jacob* case moved for remand on May 29, 2019. *Id.*

24. Judge Gutierrez still has not ruled on the motion for remand. *Id.*

25. Instead, on April 26, 2019, Judge Gutierrez issued an order allowing the parties to initiate ***early discovery for the limited purpose of determining "the propriety of NuSil LLC as a defendant"*** (Ex. F, *Jacob* Order at 2)—*i.e.*, to definitively answer the question of fact raised by the *Vieira* court.

### E. Plaintiffs Voluntarily Took the Deposition of NuSil LLC's Corporate Representative, Who Confirmed that NuSil LLC Is Not a Proper Defendant in these Actions.

26. After the *Jacob* court issued an order permitting early discovery to determine the propriety of NuSil LLC as a defendant in these actions, Plaintiffs' counsel noticed the deposition of NuSil LLC's corporate representative, Mr. Edward Scott Mraz, who has been a member of NuSil LLC since August 1, 2005. Ex. G, Notice of Deposition; Ex. H, 5/9/19 Mraz Dep. Tr. at 7:4–13.

27. Mr. Mraz's deposition went forward on May 9, 2019. Hanna Decl. ¶ 15.

28. During the deposition, Mr. Mraz confirmed—in no uncertain terms—that NuSil LLC was merely a holding company that has conducted no business activity and has no function other than to hold stock for its members. Ex. H, 5/9/19 Mraz Dep. Tr. at 18:7–21, 19:11–19, 37:8–12. Specifically, Mr. Mraz confirmed that:

   a. "NuSil, LLC has not developed, designed, manufactured, supplied or distributed any products[,] including the silicone or silicone gel used to manufacture breast implants" (*id.* at 40:8–12);

   b. "NuSil, LLC has no ownership interest in or control over the plant, equipment, and supplies that are used in the manufacture of silicone or silicone gel[,] which are used in breast implants or any other products" (*id.* at 40:2–7); and

   c. "NuSil, LLC exercises no control over [any entity,] which is involved in the development, design, manufacture, supply or distribution of silicone or silicone gel used in the manufacture of breast implants" (*id.* at 40:13–19).

29. Mr. Mraz also clarified that a 2013 form filed with the Secretary of State of California that indicated NuSil LLC was a manufacturer of silicone products was a clerical error (*id.* at 21:3–12) and that NuSil LLC "has always been a holding company" and never manufactured products (*see id.* at 26:25–27:8).

30. In addition, he clarified that this error was corrected in July 2018 and authenticated the amended NuSil LLC Statement of Information stating that the purpose of the business was indeed an "Investment holding entity" as it always had been. *Id.* at 21:13–17; *see also* Ex. I, NuSil LLC Secretary of State Statement of Information (Exhibit 1 to Mraz Dep.).

31. In short, Mr. Mraz's deposition testimony unequivocally demonstrates that NuSil LLC is ***not*** a properly named defendant in these actions.

32. In fact, at a break late in the deposition, Plaintiffs' counsel Lowell Finson even told all defense counsel—including counsel for Mentor, Dustin Rawlin and Monee Hanna and counsel for NuSil LLC, Melissa Fassett—that they were going to need to dismiss NuSil LLC because it appeared it was not a proper party and, if removal was the consequence of that, so be it. Rawlin Decl. ¶¶ 5–6.

## IV. THE INSTANT NOTICE OF REMOVAL IS TIMELY

34. "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (emphasis added).

35. In the Ninth Circuit, discovery responses and deposition testimony constitute "other paper" and can trigger the thirty-day removal period. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886–87 (9th Cir. 2010) (holding that deposition testimony can qualify as "other paper" when a defendant is able to reasonably determine for the first time that subject matter jurisdiction exists); *Rider v. Sears Roebuck & Co.*, 2011 WL 2222171, at *3–4 (C.D. Cal. June 7, 2011); *Williams v. Hilarides*, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012).

36. Other federal courts around the country agree that discovery responses and deposition testimony can qualify as "other paper" sufficient to re-open the thirty-day removal window. *See, e.g.*, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) ("Although this Circuit has not squarely addressed the issue of whether a deposition may

constitute an 'other paper' for purposes of Section 1446(b), the majority of courts that have considered this issue have answered the question in the affirmative."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493–94 (5th Cir. 1996); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077–78 (10th Cir. 1999).

37. This thirty-day period applies even to cases which have previously been removed and remanded, so long as the latter removal is "based on information not available at the prior removal." *See Sweet v. United Parcel Serv., Inc.*, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) ("Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal, though not necessarily barred, generally must be based on information not available at the prior removal."); *see also Barahona v. Orkin*, 2008 WL 4724054, at *2 (C.D. Cal. Oct. 21, 2008) (explaining that successive removals must be based on "newly discovered facts not available at the time of the first removal"); *cf. Andersen v. Schwan Food Co.*, 2014 WL 1266785, at *5 (C.D. Cal. Mar. 26, 2014) (explaining the converse—*i.e.*, subsequent removals based on information that was available at the time the initial removal was filed are improper); *Lockhart v. Columbia Sportswear Co.*, 2016 WL 2743481, at *3, n.3 (C.D. Cal. May 11, 2016) ("New evidence discovered in a deposition may be grounds for a successive removal.").

38. Here, these cases did not become removable until the issue of fact identified by the *Vieira* court (*see supra* Part III.B (discussing *Vieira* Order)) was resolved—*i.e.*, whether NuSil LLC "never manufactured silicone."[3] As such, it was not until May 9, 2019, when Mr. Mraz testified that NuSil LLC is simply a holding company that has never been involved in the manufacture, distribution, or design of silicone gel or silicone gel products used in Mentor breast implants, that these cases became removable.

---

[3] By raising this issue, the *Vieira* court recognized that, if NuSil LLC was never involved in the supply chain of silicone gel products used in Mentor's breast implants, then there is no credible basis by which Plaintiffs could state a claim against NuSil LLC and would therefore not be a proper party to the MemoryGel Implant cases.

39. Put simply, the new information gleaned from Mr. Mraz's May 9, 2019 deposition and his authentication of the amended Statement of Information constitutes the "other paper" that makes a successive removal in this case proper, so long as it is filed within thirty days, *i.e.*, on or before June 8, 2019. Thus, this Notice of Removal is timely.

## V. **REMOVAL IS PROPER BECAUSE NUSIL LLC IS FRAUDULENTLY JOINED AND THEREFORE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)**

40. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (1) this Court now has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as complete diversity exists between all properly joined parties (given that Mr. Mraz's deposition testimony confirms that NuSil LLC is fraudulently joined) and the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) Mentor has satisfied the procedural requirements for removal.

### A. **Complete Diversity of Citizenship Exists Among All Properly Joined Plaintiffs and All Properly Joined and Served Defendants.**

41. Plaintiff Billetts alleges that she is a citizen and resident of San Bernardino County, California. *See* Ex. A, Compl. ¶ 1. Plaintiff Billetts is therefore a citizen of the State of California for purposes of section 1332(c)(1).

42. Plaintiff Aguiar alleges that she is a citizen and resident of Miami-Dade County, Florida. *See id*. ¶ 2. Plaintiff Aguiar is therefore a citizen of the State of Florida for purposes of section 1332(c)(1).

43. Plaintiff Delmonico alleges that she is a citizen and resident of Newport County, Rhode Island. *See id*. ¶ 3. Plaintiff Delmonico is therefore a citizen of the State of Rhode Island for purposes of section 1332(c)(1).

44. Plaintiff Ditto alleges that she is a citizen and resident of Seminole County, Florida. *See id*. ¶ 4. Plaintiff Ditto is therefore a citizen of the State of Florida for purposes of section 1332(c)(1).

45. Plaintiff Johnson alleges that she is a citizen and resident of Lee County, Mississippi. *See id*. ¶ 5. Plaintiff Johnson is therefore a citizen of the State of Mississippi for purposes of section 1332(c)(1).

46. The Complaint includes, in addition to three named defendants (*see infra* ¶¶ 47–49), a number of fictitious defendants, whose citizenships are ignored for removal purposes (28 U.S.C. § 1441(b)).

47. Mentor is a limited liability company organized and existing under the laws of the State of Delaware. Mentor's sole member is, and was at the time the Complaint was filed, Ethicon, Inc. Ethicon, Inc. is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Accordingly, Ethicon is a citizen of New Jersey. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Hale v. Mastersoft Int'l Pty. LTD*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (explaining that "courts . . . have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state[,]" and holding that limited liability company organized in Delaware, whose two members were Colorado citizens, was a citizen only of Colorado and not Delaware for purposes of determining whether diversity jurisdiction existed) (citing supporting authority). Accordingly, for purposes of section 1332(c)(1), Mentor is a citizen of the State of New Jersey.

48. NuSil Technology LLC is, and was at the time the Complaint was filed, a limited liability company organized and existing under the laws of the State of Delaware. *See* Ex. J, Declaration of Stacy Broad ¶ 3. NuSil Technology LLC's sole member is, and was at the time the Complaint was filed, NuSil Investments LLC. *Id.* ¶ 4. NuSil Investments LLC is, and was at the time the Complaint was filed, a limited liability company organized and existing under the laws of the State of Delaware. *Id.* ¶ 5. NuSil Investments LLC's two members are, and were at the time the Complaint was filed, NuSil Acquisition Corporation and Avantor Intermediate Holdings LLC. *Id.* ¶ 6. NuSil Acquisition Corporation is, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business in Pennsylvania. *Id.* ¶ 7. Avantor Intermediate Holdings LLC is, and was at the

time the Complaint was filed, a limited liability company organized and existing under the laws of the State of Delaware. *Id.* ¶ 8. Avantor Intermediate Holdings LLC's two members are, and were at the time the Complaint was filed, Avantor Topco Sub, LLC and Avantor, Inc. *Id.* ¶ 9. Avantor Topco Sub, LLC is, and was at the time the Complaint was filed, a limited liability company organized and existing under the laws of the State of Delaware. *Id.* ¶ 10. Avantor Topco Sub, LLC's sole member is Avantor, Inc. *Id.* ¶ 11. Avantor, Inc. is, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business in Pennsylvania. *Id.* ¶ 12. A limited liability company "is a citizen of every state of which its owners/members are citizens." *See Johnson*, 437 F.3d at 899. Accordingly, for purposes of section 1332(c)(1), NuSil Technology LLC is a citizen of Delaware and Pennsylvania.

49. NuSil LLC is, and was at the time the Complaint was filed, a limited liability company organized and existing under the laws of the State of California. NuSil LLC's members are individuals residing in California, including Richard Compton, Edward Scott Mraz, Thomas Banigan, James Yabsley, Keith Reichel, Brian Nash and Cyrus Morici. Accordingly, for purposes of section 1332(c)(1), NuSil LLC is a citizen of California. *See id*.

50. The Court, however, should disregard the citizenship of NuSil LLC because—as Mr. Mraz's deposition makes clear—NuSil LLC is not a proper defendant in this case and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. *See supra* Part III.D. Because the undisputed evidence establishes that NuSil LLC is merely a holding company that transacts *no* business of its own; has *not* developed, designed, manufactured, supplied, or distributed *any* products, including the silicone raw materials, used by Mentor to manufacture the MemoryGel Implant; and exercises *no* control over any company that manufacturers silicone or silicone products, there is no possibility that Plaintiffs could recover damages from NuSil LLC in this case. *Id.*; *Grancare LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548–50 (9th Cir. 2018) (explaining that fraudulent joinder applies if there is no possibility that the plaintiff could recover on

her claims against the non-diverse defendant in state court.); *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). The Court may therefore disregard the citizenship of NuSil LLC and find that it has diversity jurisdiction over this action. *Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *1–2 (S.D. Cal. Sept. 2, 2010); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity jurisdiction grounds.").

51. In short, diversity of citizenship of all properly joined parties (*i.e.*, all named parties, except NuSil LLC) exists under 28 U.S.C. § 1332: Plaintiffs are citizens of California, Rhode Island, Florida, and Mississippi, Mentor is a citizen of New Jersey, and NuSil Technology LLC is a citizen of Delaware and Pennsylvania.

### B. The Amount in Controversy Requirement Is Satisfied.

52. Removal is proper under section 1446(c)(2)(B) if the Court finds that the amount in controversy exceeds $75,000, exclusive of interest and costs.

53. The parties in the Mentor MemoryGel Implant actions do not contest that amount in controversy in each case exceeds this $75,000 benchmark. *See, e.g.*, Ex. F, *Vieira* Order at 3 ("The parties do not dispute that this case places more than $75,000 in controversy.").

54. Moreover, reported verdicts and settlements in cases with damage allegations similar to those in these actions case exceed $75,000. *See Jacob* Notice of Removal (Case No. 2:19-cv-01484, Dkt. 1) at 11–16 & corresponding exhibit.

## VI. MENTOR HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

55. The Superior Court of California, County of San Bernardino is located within the Central District of California. *See* 28 U.S.C. § 84(c)(2). Removal to this Court under section 1441(a) is proper because the Central District of California is the "district and division embracing the place where such action is pending."

56. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received is attached as Exhibits A–D.

57. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Mentor has received the consent of the NuSil Defendants to this removal. Copies of the NuSil Defendants' consents are attached as Exhibit K.

58. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court of California, County of San Bernardino.

59. Mentor reserves all defenses to Plaintiffs' claims.

ACCORDINGLY, Mentor removes this action and gives notice to Plaintiffs and to the Superior Court of California, County of San Bernardino, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

DATED: June 5, 2019                                TUCKER ELLIS LLP


By: /s/ *Monee Takla Hanna*
MONEE TAKLA HANNA
Attorneys for Defendant MENTOR WORLDWIDE LLC